IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:19CR344-ALB-WC |
| | ) | [18 U.S.C. § 242; |
| WILLIE M. BURKS, III | ) | 18 U.S.C. § 1623] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT ONE
(Deprivation of Rights Under Color of Law: 18 U.S.C. § 242)

On or about February 16, 2019, in Elmore County, within the Middle District of Alabama, the defendant,

WILLIE M. BURKS, III,

while acting under color of law as an Alabama Department of Corrections Lieutenant, willfully deprived C.H., an inmate at Elmore Correctional Facility, of the right, secured and protected by the Constitution and the laws of the United States, to not be subjected to cruel and unusual punishment by one acting under color of law. Specifically, Defendant WILLIE M. BURKS, III, stood by while U.O., a sergeant under the defendant's supervision, repeatedly struck C.H. with a baton and kicked C.H. while the inmate was handcuffed, compliant, and not posing a threat to anyone, and Defendant WILLIE M. BURKS, III failed to intervene, despite having the opportunity to do so. This offense resulted in bodily injury to C.H. and involved the use of a dangerous weapon, namely a baton.

All in violation of Title 18, United States Code, Section 242.

## COUNT TWO
(False Declarations before Grand Jury: 18 U.S.C. § 1623)

On or about June 4, 2019, in Montgomery County, within the Middle District of Alabama, the defendant,

### WILLIE M. BURKS, III,

under oath in a proceeding before a grand jury of the United States, knowingly made false material declarations when he stated that he never used and tightened handcuffs and leg shackles on Alabama Department of Corrections ("ADOC") inmates in violation of ADOC guidelines, testimony material to the grand jury's investigation into allegations of federal civil rights offenses involving the defendant subjecting inmates at Elmore Correctional Facility to cruel and unusual punishment while acting under color of law.

Specifically, Defendant WILLIE M. BURKS, III, knowingly made the following false material declarations in response to the following questions:

Q. Handcuffs are not to be used for punishment?

A. Correct. Right.

and later continuing...

Q. And there's actually some guidelines about how to place them on inmates' wrists and ankles, isn't there?

A. Yes.

Q. And the idea is that there should at least be some kind of finger width between the mechanical restraint itself and the body of the inmate, right?

A. Yes.

Q. And that's because there's a concern that damage could be done to the inmate if the

restraints, handcuffs or shackles, are clasped too tightly, right?

A. Yes.

Q. Nerve damage can take place?

A. Yes.

Q. Tendon damage?

A. Yes.

Q. And it inflicts pain if they're too hard – or too tight, isn't it?

A. Yes.

Q. And if it is done without a purpose, then it is a form of torture, isn't it?

A. Yes.

Q. And you're aware of this?

A. Yes.

Q. Every CO is aware of this?

A. Yes.

Q. And there's absolutely no excuse for ever tightening handcuffs for the purpose of causing pain, is there?

A. Yes.

Q. Is there an excuse?

A. No, no.

Q. Okay. You yourself, however, have routinely inflicted pain on inmates by closing handcuffs and shackles too tightly, haven't you?

A. No.

and later continuing…

Q. And you never under any circumstances ever tightened handcuffs because you were irritated with the fact --

A. No

Q. – that they were in need of your services?

A. No.

and later continuing…

Q. It's your testimony today before we finish up and give the members of the grand jury an opportunity to ask you questions that you have never intentionally put handcuffs onto an inmate too tight?

A. No.

Q. You've never intentionally put shackles on an inmate too tight?

A. No.

In fact, as the defendant knew then, he had intentionally tightened inmates' handcuffs and leg shackles in violation of ADOC guidelines.

All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Ben M. Baxley
Assistant United States Attorney

ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL
Civil Rights Division
U.S. Department of Justice

_____
David Reese
Trial Attorney