**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:19cr344-MHT** |
| | ) | **(WO)** |
| **WILLIE M. BURKS, III** | ) | |

**OPINION AND ORDER**

This case is before the court on the government's unopposed motion to continue trial. For the reasons set forth below, the court finds that defendant Willie M. Burks, III's trial, now set for October 19, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>       indictment, or from the date the
>       defendant has appeared before a
>       judicial officer of the court in which
>       such charge is pending, whichever date
>       last occurs."

§ 3161(c)(1).  The Act excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In making that determination, the court shall consider, among other factors, whether "the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice."  § 3161(h)(7)(B)(1).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Burks in a speedy trial.  As the government notes, several trial witnesses are employed in Alabama prisons where there are active outbreaks of COVID-19 among staff and inmates.  As a result, convening the trial in October would pose an unacceptably high risk of COVID-19 transmission for the participants in the trial, and potentially the

participants' vulnerable family members. In addition, defense counsel argues that the COVID-19 pandemic in Alabama could make it difficult to obtain a jury pool that is representative of the community. Especially given that Burks does not oppose a continuance, these concerns, when taken together, outweigh the interest of Burks and the public in a speedy trial. Therefore, the jury selection and trial of this case will be continued.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue the trial (doc. no. 49) is granted.

(2) The jury selection and trial for defendant Willie M. Burks, III, now set for October 19, 2020, are continued generally.

(3) A conference call to discuss when to reset the trial is set for October 14, 2020, at 10:00 a.m. The

3

courtroom deputy shall arrange for the call.

DONE, this the 8th day of September, 2020.

                                         /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**