IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr344-MHT |
| | ) | (WO) |
| WILLIE M. BURKS, III | ) | |

OPINION AND ORDER

Based on the government's unopposed motion to continue the trial in this case and the representations made on the conference call on January 28, 2021, and for the reasons set forth below, the court finds that defendant Willie M. Burks, III's trial, should be continued until 10:00 a.m. on June 7, 2021, pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

>       indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). In making that determination, the court shall consider, among other factors, whether "the failure to grant such a continuance in the proceeding would ... result in a miscarriage of justice."  § 3161(h)(7)(B)(1).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Burks in a speedy trial.  As the government has previously noted, several trial witnesses are employed in Alabama prisons where there have been outbreaks of COVID-19 among staff and inmates.  While efforts to vaccinate these populations

2

against COVID-19 are ongoing, the parties have raised concerns regarding the grave risks posed by new and potentially more infectious variants of the virus, which may make current protective measures insufficient even with further vaccinations. *See* Gov't Unopposed Motion to Continue Trial (doc. no. 79) at 1-3. As a result, convening the trial anytime in the near future would pose an unacceptably high risk of COVID-19 transmission for the participants in the trial, and potentially the participants' vulnerable family members. In addition, counsel for both parties have argued that the COVID-19 pandemic in Alabama could make it difficult to obtain a jury pool that is representative of the community. In light of the ongoing concerns about the risk of COVID-19, the government has sought a further continuance of the trial in this case, to which Burks has agreed. These concerns, when taken together, outweigh the interest of Burks and the public in a speedy trial, particularly in light of Burks's agreement to continue the trial date.

Therefore, the jury selection and trial of this case will be continued until June 7, 2021.

\*\*\*

Accordingly, it is ORDERED that:

(1) The government's unopposed motion to continue the trial in this case (doc. no. 79) is further granted as set forth in this order.

(2) The jury selection and trial for defendant Willie M. Burks, III, is reset for June 7, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the trial date.

DONE, this the 2nd day of February, 2021.

                                /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE