IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:19cr344-MHT
                            )             (WO)
WILLIE M. BURKS, III        )
```

OPINION AND ORDER

Defendant Willie M. Burks, III, has moved for a judgment of acquittal and, in the alternative, a new trial.

Burks raises several arguments, one of which, pertaining to only his request for a new trial, is that the court erred by excusing certain jurors on the basis that they were unduly sympathetic to law enforcement. In light of this aspect of his request, the court ordered the government to arrange for the transcription and filing of the jury-selection proceedings, and allowed each party to file a supplemental brief regarding the issue of the excused jurors. For the reasons that follow, the court finds that its excusal of the jurors is not a ground for a new trial.

Under Rule 33 of the Federal Rules of Criminal Procedure, the court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Outside the context of claimed newly discovered evidence, this standard is broad. *See United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). The court may grant a motion for a new trial where the defect does not constitute reversible error, or even legal error at all, so long as it determines that doing so would be in the interest of justice. *See id.* at 198-99.

The decision to excuse a juror, whether because the juror is biased or because service would cause the juror undue hardship, "is entrusted to the discretion of the trial judge." *United States v. Davis*, 854 F.3d 1276, 1296 (11th Cir. 2017) (quoting *United States v. Tegzes*, 715 F.2d 505, 509 (11th Cir. 1983)); *see also United States v. Paradies*, 98 F.3d 1266, 1277 (11th Cir. 1996). That discretion is broad, *see Tegzes*, 715 F.2d at 509, but not unlimited; the Sixth Amendment ensures the right

to an impartial jury, and thus requires that the court exclude partial jurors, see *Patton v. Yount*, 467 U.S. 1025 (1984).  "The constitutional standard for juror impartiality is whether the juror 'can lay aside his opinion and render a verdict based on the evidence presented in court.'"  *United States v. Simmons*, 961 F.2d 183, 184 (11th Cir. 1992) (quoting *Patton*, 467 U.S. at 1037 n.12).

Burks challenges the court's decision to excuse during *voir dire* the following four jurors: numbers 17, 19, 111, and 115.  The court excused juror 115, for cause, on the government's motion and over Burks's objection, finding that the juror could not be impartial.  The court excused the rest without a motion.  It excused juror 17 due to hardship, juror 19 due to partiality, and juror 111 due to hardship and partiality.  Burks

contemporaneously objected to the excusal of juror 19, but not jurors 17 and 111.[1]

Burks argues that jurors 17, 19, 111, and 115 were capable of rendering impartial verdicts, and that therefore the court should not have excused them.[2] The court finds no error or miscarriage of justice in its excusal of the challenged jurors.

---

[1] Because the court finds no error in its excusal of any of the jurors, it need not reach the issue of how Burks's failure to contemporaneously object to its excusal of jurors 17 and 111 might impact its determination of whether to grant a new trial, had its excusal of those jurors been in error.

Also, because the court finds no error in its excusal of any of the jurors, it need not reach the issue of whether, if it had erroneously excused one or more jurors, it should grant a new trial based on any standard other than that articulated in Rule 33(a).

[2] In his supplemental brief (Doc. 189), Burks argues for the first time that the court improperly excused jurors 17, 19, and 111; he did not challenge the court's decision to excuse those jurors in any of his earlier new-trial motions (Doc. 175, Doc. 177, and Doc. 183). (Burks filed three versions of his motion for new trial.) An argument could be made that these additional challenges are untimely under Fed.R.Cim.P. 33(b)(2).

JUROR 17:  As an initial matter, the court excused juror 17 entirely on the basis of hardship.  Thus, Burks's argument that juror 17 could have rendered an impartial verdict is irrelevant.  The court's decision to excuse the juror for hardship is supported by the record and was a reasonable exercise of its discretion.  Juror 17 indicated that serving on the jury would cause him financial hardship, and that it would likely cause him to miss the birth of his grandchild.  *See* July 19, 2021, Tr. at 47.  In any event, Burks agreed to the dismissal of juror 17 during the jury-selection proceedings.  *See id*. at 49–50.

JUROR 19:  Juror 19 stated that he "probably would be biased," *id.* at 66, and "wouldn't have [a] very good attention span [or] pay attention to what's going on," *id.* at 67.  Burks admits that the juror stated that he would be biased, *see* Def.'s Br. (Doc. 189) at 7 (citing July 19, 2021, Tr. at 66–67), but contends that the court should not have excused him because "everybody has bias,"

5

*id.* The court is not persuaded by this argument. In the face of this concession of bias, the court concludes that its dismissal of juror 19 was reasonable and well within its discretion.

JUROR 111: The court also concludes that its excusal of juror 111 was reasonable and well within its discretion. It excused juror 111 for two independent reasons: hardship and partiality. As juror 111 indicated that serving on the jury would cause him financial hardship, *see* July 19, 2021, Tr. at 127, the court properly excused him regardless of his ability to be impartial. Moreover, Burks has not shown that the court erred in finding juror 111 could not be impartial. As evidence of the juror's impartiality, he points to only juror 111's statement that "some [law enforcement officers] will" intentionally use excessive force. Def.'s Br. (Doc. 189) at 7 (quoting July 19, 2021, Tr. at 130). However, this minor concession was not sufficient to overcome the concern raised by juror 111's

6

statement that, when it came to evaluating witnesses' testimony, he would "tend to believe someone in law enforcement over someone that's not." July 19, 2021, Tr. at 129. In any event, Burks did not object to the dismissal of juror 111 during the jury-selection proceedings. *See id.* at 141.

JUROR 115: The court properly excused juror 115 based on a finding that he could not be impartial. Burks argues that this was error because the juror stated that he "[thought] he could" be "fair and impartial," Def.'s Br. (Doc. 189) at 2 (quoting July 19, 2021, Tr. at 134), and that, although he was "no doubt ... pro-law enforcement," he "would ... not say[] [he] would be--wouldn't do the truth or nothing like that," *id.* at 3 (quoting July 19, 2021, Tr. at 132). Burks also points out that the juror recognized that "law enforcement [was] on both sides of the case." *Id.* at 4 (quoting July 19, 2021, Tr. at 137).

7

While juror 115 did make certain statements indicating that he could be impartial, the court found the entirety of the evidence to indicate the opposite. *See* July 19, 2021, Tr. at 139–140.  Juror 115 worked as a court security guard.  *See id.* at 131.  Before that, he had worked for over 22 years as a police officer.  *See id*.  When asked whether his feelings about law enforcement might affect his view of the case, juror 115 responded, "I'd want to say, no, but I am--if you're asking do I probably look more on the law enforcement side, I mean, I would say yes."  *Id.* at 135.  When asked whether he could base his verdict on only the charges and evidence presented, or whether he might be hesitant about his ability to do so, juror 115 responded, "I would probably be a little hesitant, yes, sir."  *Id.* at 136–37.  When the court explained that an impartial juror should not reach a verdict based on whether he is pro law enforcement or "pro anything," juror 115 responded, "I mean, I would sit--if I said I wasn't, I mean--I am pro

8

law enforcement." *Id.* at 138. It was on the basis of all of these statements, which the court viewed as reflecting a bias and as being equivocal at best, especially after considering the juror's demeanor in answering the questions, that the court decided to exclude the juror. Its decision was reasonable and well within its discretion.

In short, the court concludes, upon reconsideration, that its decisions as to jurors 17, 19, 111, and 115 were not erroneous. To the contrary, it is assured that they were factually supported and were well within its discretion.

Finally, the court finds that Burks's remaining arguments in support of his request for a judgment of acquittal and alternative request for a new trial are without merit.

***

**Accordingly, it is ORDERED that Burks's motions for a judgment of acquittal and, in the alternative, a new trial (Doc. 175, Doc. 177, and Doc. 183) are denied.**

**DONE, this the 4th day of October, 2021.**

                                   /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**