# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff, | § | 2:19-CR-344-MHT-JTA |
| | § | |
| v. | § | |
| | § | |
| WILLIE M. BURKS, III, | § | Date: February 17, 2022 |
|     Defendant. | § | |

## MOTION TO RECONSIDER SENTENCE

Comes now, Defendant Willie Burks, and Moves this Honorable Court to reconsider his sentence, given Friday February 4th, and presents, in support of this Motion, the following:

1. On September 11, 2019, Willie M. Burks, III, was named in a two-count Indictment filed in the Middle District of Alabama, Northern Division. Count 1 charged the Defendant with Deprivation of Rights Under Color of Law on February 16, 2019, in Elmore County, Alabama, in violation of 18 U.S.C. § 242. Count 2 charged the Defendant with False Declarations before Grand Jury on June 4, 2019, in Montgomery County, Alabama, in violation of 18 U.S.C. § 1623. On July 12, 2021, Count 2 of the Indictment was dismissed.

2. Therefore, Defendant was only tried on one Count of Deprivation of Rights Under Color of Law. On July 21, 2021, the Defendant was found guilty in a jury trial as to the one Count.

3. It appears that the jury found Mr. Burks guilty, not so much for failure to intervene but, for not intervening enough, even though there is no policy in ADOC as to what level of intervention an ADOC correctional officer must use.

4. The documentary evidence was clear that Defendant Burks told Sgt. Oliver to stop his

beating of the inmate. Sgt. Oliver provided a statement that Lt. Burks told him to stop and that he stopped. Although the video contained no audio, a close examination reveals Mr. Burks' lips were moving.

5. It was abundantly clear that there was no written policy or protocol at the ADOC for how a correctional officer should properly respond to another correctional officer's wrongful assault on inmates. This absence of such policy was most profoundly recognized in the video examination and cross-examination of Commissioner Jefferson Dunn. Corrections Officer Williams also testified that there was no training given to an officer on how to stop another officer who was hurting an inmate.

6. Defendant Officers Mosley and Williams were present during **both** inmate assaults by Sgt. Oliver. Both of them and had the **opportunity and responsibility** to stop Defendant Sgt. Oliver, just as much as Mr. Burks. Both Mosley and Williams can be seen in the video walking around and doing nothing to stop Sgt Oliver's assault on either of the inmates. Both of them testified they did not tell Defendant Burks about what Oliver was doing. If these trained Corrections Officers had done their jobs, Defendant Burks would not have even been involved in the February 16, 2019 incident!

### Testimony of Denisa Preston Should Not Have Been Considered

7. Preston's testimony should have been excluded from consideration at sentencing. Her testimony was not presented to the jury; therefore, her testimony was not evidence in the case against Lt. Burks. Further, Ms. Preston acknowledged she was a shift clerk, not a corrections officer. Preston Transcript, p. 6 Therefore, she does not know policies and procedures governing officers. She testified she did not know how to put handcuffs and shackles on inmates, so she did not know whether the way Burks was using handcuffs on

inmates was improper. Preston p. 7 While Preston testified that inmates sometimes would scream and fall over when they were handcuffed and shackled, she also said that inmates were overly dramatic. Preston p. 12 Therefore, she had doubt as to whether they were actually in pain or just faking.

8. Preston described Burks inflicting pain on inmates by saying he had them to face a pumpkin in the shift office. As Defendant Burks explained, this was done to ensure inmates were not looking over officers' shoulders as they were working. Even though the prosecution led Preston to give one (1) example of what may have been painful to an inmate, she could not recall specifics of the incident, or who the inmate was–only that it was cold outside. Preston p. 15 To allow this Rule 404b evidence into consideration at sentencing, after the fact, even though it was not presented at trial, would be fundamentally unfair to Mr. Burks.

**The Findings in the Pre-Sentence Report were Unfair**

9. The Pre-Sentence Report (hereinafter "PSR")at ¶22 states that Lt. Burks did not accept responsibility for the offense. While Lt. Burks did not plead guilty, he did express remorse during his grand jury testimony, at trial and at sentencing, for not taking more action to prevent Sgt. Oliver from assaulting inmate C.H.

10. The calculations in the PSR are grossly unfair to Lt. Burks. These calculations use Aggravated Assault as the underlying offense, even though Sgt. Oliver committed the Aggravated Assault; Lt. Burks did not touch inmate C.R. or C.H., except to remove their handcuffs. Therefore, the base offense level should only be **6, for the Deprivation of Rights charge, not 14 for Aggravated Assault.**

11. Further, the base offense should not be increased by 4, because of the dangerous weapon.

**Sgt. Oliver, not Lt Burks, used a weapon, Oliver's collapsible baton, to beat the inmates**.

12. Three (3) levels should not be added to Lt. Burks' calculations, because of bodily injury. **Sgt. Oliver, not Lt. Burks, caused bodily injury to inmate C.H.** These adjustments should not be made to the **base level offense of 6.**

13. Two (2) levels should not be added because **Sgt. Oliver, not Lt. Burks, assaulted C.H. while C.H. was restrained by handcuffs.**

14. Two (2) levels should not be added. Lt. Burks took no action to obstruct or impede justice. He voluntarily testified to the federal grand jury; he testified truthfully about the incident for which he was charged–failure to intervene resulting in deprivation of inmate C.H.'s civil rights. He testified truthfully to the grand jury, at trial and at sentencing, that he wished he would have done more to stop Sgt. Oliver from assaulting inmate C.H. This Court should not make any upward adjustment for Obstruction of Justice.

15. **Mr. Burks claims that, at most, his offense level should only be 12.** The base offense level for Deprivation of Rights is 6; the offense was committed Under Color of Law, which adds another 6 levels, for a total of 12. That level should be reduced by whatever mitigating factor this Court determines to be fair.

16. While Mr. Burks did not plead guilty, he did express remorse during his grand jury testimony, at trial and during his sentencing, for not taking more action to prevent Sgt. Oliver from assaulting inmate C.H. Therefore, Defendant asserts that there should be a mitigation of the offense level when considering his sentence.

17. An offense level of 31 would place Burks in Zone D. As noted above, for an offense level of 12, which is clearly supported by the facts in this case, the guideline

imprisonment range for someone with a Criminal History of 0, would place Burks in Zone C, and this Court could Order incarceration, plus some other form of supervised release (probation).

**Mr. Burks Sentence Was Not Fair or Consistent With that of Another Officer**

18. This Court, on February 4, 2022, sentenced Mr,. Burks to 108 months in prison, 2 years supervised release and a penalty assessment of $100.00. This appears to be one of the longest sentences given to a supervisor, even though the supervisor did not even participate in the assault of the inmate.

19. Another Defendant, Officer Bryanna Mosley, pled guilty to two (2) Counts of Deprivation of Rights Under Color of Law and has been sentenced. Mosley only received a 1 year sentence and a $2,000 fine. Mosley had the same opportunity and responsibility, as did Lt. Burks, to stop Sgt. Oliver under Department of Corrections policies and the law.

20. This Court has presided over a number of cases regarding inmate abuses by the Alabama Department of Corrections. It was apparent at sentencing that this Court was trying to use Defendant Burks' sentence to show the Department, and its officers, the Court's displeasure with the Department's conduct over the years. The Court, in sentencing Defendant Burks, made the comment that from his review of the incident video, Mr. Burks condoned Sgt Oliver's beating of the inmate(s); the Court also made the comment that according to his Honor's observation, Mr. Burks encouraged the assault by Oliver. While the video may have given an observer some indication that Mr. Burks condoned what Oliver was doing, there was absolutely no evidence or indication of any encouragement, not at trial or at sentencing. In making that comment, the Court made an independent evidentiary finding and showed bias against Defendant Burks, resulting in

his excessive sentence.

21. The Court commented, on multiple occasions during the sentencing hearing, that Lt. Burks had a duty to stop the assaults on both inmates. Lt. Burks was not charged in the beating of the first inmate because he was unaware that it was happening and had no reasonable opportunity to stop it. The video produced as evidence made it clear Lt. Burks had no idea the beating was taking place. In addition, several witnesses confirmed Lt. Burks was unaware of the beating and had no reasonable opportunity to stop it; that is the reason Lt Burks was never charged with the assault on inmate C.R..

22. The Court comment several times, at the sentencing hearing, that Burks intentionally lied about placing handcuffs too tight on inmates which was also the basis of the testimony of Denisa Preston. That count of the indictment was dismissed by the prosecutor before trial therefore Lt. Burks was unable to adequately defend himself against that issue at sentencing, due to his defense for trial focusing on the one remaining Count of deprivation of rights.

**CONCLUSION**

This Court should recognize Lt. Burks' long history of honorable service to the State of Alabama and the Department of Corrections and reduce Lt. Burks' offense level to 12, as noted above, and Order that his sentence be no more than one (1) year and a period of release, supervised or unsupervised, thereafter. Such a sentence would be consistent with the sentence given to Officer Mosley, who had two (2) Counts against her.

Respectfully submitted this 17th day of February 2022.

/s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr.

/s/ Joseph C. Guillot
Joseph C. Guillot

OF COUNSEL:
**McPHILLIPS SHINBAUM, L.L.P.**
516 S. Perry Street
Montgomery, AL 36104
Telephone (334) 262-1911
Facsimile (334) 263-2321

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2022, I have served a copy of the foregoing document with the Court, and will deliver a copy of said filing to the following attorneys of record in this case by electronic mail only:

ERIC M. COUNTS
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
T: (334) 223-7280
Eric.Counts@usdoj.gov

BEN BAXLEY
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
T: (334) 223-7280
Ben.Baxley@usdoj.gov

KATHERINE G. DEVAR
U.S. Department of Justice
950 Pennsylvania Ave NW, 4CON 7.916
Washington, DC 20530
T: (202) 616-2669
Katherine.Devar@usdoj.gov

DAVID REESE
Assistant United States Attorney
Criminal Section - PHB
950 Pennsylvania Ave., NW
Washington DC 20530
T: (202) 514-3851
David.Reese@usdoj.gov

MARK BLUMBERG
Assistant United States Attorney
Criminal Section - PHB
950 Pennsylvania Ave., NW
Washington DC 20530
T: (202) 305-2798
Mark.Blumberg@usdoj.gov

/s/ Joseph C. Guillot
Joseph C. Guillot
OF COUNSEL