IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:19cr344-MHT
                            )            (WO)
WILLIE M. BURKS, III        )
```

ORDER

This cause is now before the court on defendant Willie M. Burks, III's motion for release pending appeal to the Eleventh Circuit. For the reasons that follow, the motion will be granted.

The Bail Reform Act of 1984, 18 U.S.C. § 3143, provides that the district court shall order detention of a person who has been convicted and sentenced to a term of imprisonment. Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. *See Morison v. United States*, 486 U.S. 1306 (Rehnquist, Circuit Justice 1988); *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), *cert denied*, 479 U.S. 1018 (1986). In order to grant a defendant's motion for

release pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if release ... ; [and]
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1).*  The burden of proving these findings lies with the defendant.  *See Giancola*, 754 F.2d at 901.

---

\* 18 U.S.C. § 3143(b)(2) provides that in cases involving certain kinds of offenses, the court shall order the defendant detained pending appeal, regardless of whether he can prove the findings listed in

2

The Eleventh Circuit Court of Appeals has defined a substantial question of law for purposes of § 3143 in the following manner:

> "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis."

*Giancola*, 754 F.2d at 901. In order to be released pending his appeal, then, Burks must show by clear and convincing evidence that he is not a flight risk or a danger to the community, or appealing for the sake of delay, and that he is raising a substantial question of law on appeal that is likely to result, for example, in reversal or a new trial. Because the government does not contend that Burks is a risk of flight or appealing for the sake of delay, the court need only address the second part of the test.

---

§ 3143(b)(1). The government does not contend, however, that § 3143(b)(2) applies in this case.

Burks asserts several grounds for appeal at this time. Among these, he challenges the court's decision to strike a juror as biased, *see United States v. Burks*, No. 2:19cr344-MHT, 2021 WL 4523497, at \*2-\*3 (M.D. Ala. Oct. 4, 2021) (Thompson, J.), and has preserved this issue for appeal.  He also challenges the court's guidelines determinations during sentencing, including its determination to increase the base offense level because the underlying offense was committed using a dangerous weapon, because it resulted in bodily injury, because the victim was restrained, and because defendant Burks obstructed or impeded justice.  The court is of the opinion that, while the matter posed is quite close, one or more of these issues present a substantial question of law that, if resolved in Burks's favor, may be likely to result in a reversal of his conviction or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process.

\*\*\*

Accordingly, it is ORDERED that defendant Willie M. Burks, III's motion for release pending appeal to the Eleventh Circuit (Doc. 214) is granted.

It is further ORDERED that defendant Burks is continued on release pending his appeal to the Eleventh Circuit Court of Appeals and that his release is under the same conditions imposed by the United States Magistrate Judge on September 18, 2019.

DONE, this the 2nd day of March, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE