IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )     CRIMINAL ACTION NO.
        v.                   )        2:19cr344-MHT
                             )           (WO)
WILLIE M. BURKS, III         )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the Clerk's Office,

to determine whether a defendant might be eligible for a reduction of sentence.  *See* 2:23-cm-4048-ECM.

Defendant Willie M. Burks, III filed a motion for a sentence reduction (Doc. 245) based on Amendment 821. The court referred the motion to the Amendment 821 Screening Panel for recommendation.  The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered October 8, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Willie M. Burks, III is not eligible to receive a reduction in sentence pursuant to Amendment 821 because the amended guidelines do not apply to him.

Burks did not receive any status points at sentencing because he was not under a criminal-justice sentence at the time of his offense, so the amended guideline on status points has no effect on his guidelines range.  *See* U.S. Sentencing Guidelines §4A1.1(e) (2023 ed.).   The

2

new adjustment for zero-point offenders set forth in U.S. Sentencing Guidelines §4C1.1 does not apply to him either. Under §4C1.1, a defendant is eligible for a two-level reduction in offense level only if he meets all parts of a list of 10 criteria. Though Burks had no criminal history points at the time of sentencing, he cannot meet the eighth criterion: that "the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights)." U.S. Sentencing Guidelines §4C1.1(a)(8) (2023 ed.). Under §1B1.10, a sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if "an amendment to the Guidelines does not apply to the defendant." U.S. Sentencing Guidelines §1B1.10(a)(2)(A) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.). For these reasons, Burks does not qualify for a sentence reduction to under Amendment 821, and his motion for a sentence reduction will be denied.

3

An appropriate order will be entered.

DONE, this the 8th day of October, 2024.

              /s/ Myron H. Thompson
            UNITED STATES DISTRICT JUDGE